STATE OF MAINE *versus* NEAL DOW.

The discharge of a State Treasurer's bond is *prima facie* a discharge of all claims against the Treasurer, for which he or his sureties were liable on his bond.

The Court will not take judicial notice of the report to the Legislature of the committee appointed, by the Resolve of March 20, 1860, to settle with the sureties of the then late State Treasurer.

ON REPORT by BARROWS, J., presiding.

ASSUMPSIT for money had and received.

The facts, so far as they affect the decision of the case, are stated in the opinion.

*Drummond*, for the plaintiff.

The discharge of the official bond does not affect this case. The defendant's counsel barely suggests the point. He does not rely on it. But the report of the committee to the Leg-

islature expressly negatives the settlement of this claim. That report is a public document of which the Court will take judicial notice. The committee were appointed by a Resolve of the Legislature, approved by the Governor. Their report was made to the Legislature, being transmitted by the Governor in a special message. Of such public documents, the Court is bound to take notice.

[His argument upon the other questions are omitted.]

*E. & F. Fox,* for the defendant.

APPLETON, C. J.—The claim of the State, briefly stated, is as follows:—Benjamin D. Peck, Treasurer of the State for 1859, loaned a large sum of money belonging to the State, to the defendant, without authority and against law. It is admitted that a part of the money so loaned has been paid. The plaintiff claims that there is a balance of three thousand dollars still remaining due, which is sought to be recovered in this action.

In defence, it is shown that the defendant indorsed a note of Peck for the sum of three thousand dollars, which was discounted at the Market Bank and the proceeds thereof were passed to the credit of the State, on the books of the bank, by the direction of said Peck. It further appears, that it was understood, that, if Dow paid the note thus discounted, the amount so paid was to be in payment of the money illegally borrowed of Peck. The note in question was paid by the defendant before its maturity. These facts would seem to be an equitable discharge of the plaintiffs' claim to the extent of the discount, leaving a balance of fifty-six dollars only as due.

Whether the claim of the State has been legally discharged to the extent above specified, it is not important now to determine, inasmuch as we think, upon other grounds, the defence is made out.

The loan to the defendant was illegal. It was covered by the bond given by the Treasurer of the State. The bondsmen of the Treasurer, of whom the defendant was

one, would be liable to the State for this illegal loan of the Treasurer.

On April 24, 1860, a committee of the Legislature duly authorized, discharged the sureties on the bond of 1859.

The discharge thus given is as follows : — " By virtue of authority vested in us as commissioners, under Resolve, March 20, 1860, we, the undersigned, hereby discharge and release *the sureties on the bond from all further liability to the State on said bond,* in consideration of said sureties paying to the State the sum of thirty-seven thousand dollars, according to the terms and stipulations agreed upon as the basis of adjustment.

" Witness our hands and seals this 24th April, A. D. 1860.

" Signed and sealed in presence of E. P. Chase.

> " J. G. Blaine, [L. s.]
> " Geo. K. Jewett, [L. s.]
> " Frederick Robie, [L. s.]
> " Jas. M. Stone, [L. s.]
> " Rowland Fisher, [L. s.]
> " Joseph Porter, [L. s.]
> " Geo. Comstock, [L. s.]"

By this, *prima facie,* the sureties were released and discharged from all their liabilities to the State by reason of their having signed the bond given by Peck as Treasurer. They were liable for his official misfeasance in loaning the money of the State to the defendant. Thirty-seven thousand dollars was paid in discharge of the liability of the defendant and others to the State on account of Peck's defaults. The presumption would be that all liabilities were included in the adjustment. It is for the State, if it is otherwise, to show it. No evidence to that effect has been offered. The report of the committee showing the terms and stipulations of the adjustment are not made part of the case. What they were, the parties have not deemed it important that we should know. The discharge is all that is before us. We think the liability in question is one for which the bondsmen were responsible to the State, and from

which they have been discharged upon payment of a large sum. If the release is effectual as to one surety, it is so as to all. If it embraces one instance of defalcation, *prima facie* it does all. The burthen was on the State to show that the claim in controversy was not included in the adjustment. This it has entirely failed to do.

*Judgment for the defendant.*

KENT, WALTON, DANFORTH, BARROWS and TAPLEY, JJ., concurred.